IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Senn Freight Lines, Inc., )<br>)<br>  Plaintiff, )<br>)<br>vs. )<br>)<br>Liberty Mutual Insurance Company, )<br>)<br>  Defendant. )<br>_____ ) | C/A No. 8:14-380-TMC-KFM<br><br>**REPORT AND RECOMMENDATION** |

        This is a civil action filed by a *pro se* litigant.[1] Defendant removed the above-captioned case from the Newberry County Magistrate's Court. By order dated February 27, 2014, Plaintiff was directed that it had thirty (30) days from the date the order was entered (plus three days for mail time) to obtain a licensed attorney, who is formally admitted to practice and in good standing with this court, to represent it in this action by filing a notice of appearance [Doc. 9].[2] Plaintiff was notified that if it did not respond to the order or did not obtain an attorney within the time frame permitted by the order, this case may be dismissed without prejudice. *Id.* Plaintiff did not respond to the order nor did an attorney file a notice of appearance on its behalf, and the time for response has lapsed.

        Plaintiff has failed to prosecute this case and has failed to comply with an order of this court. It is recommended that this case should be dismissed *without prejudice* pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*,

---

[1] This court's standing order, *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), is applied to this action.

[2] "It is well settled that *pro se* litigants, regardless of the nature of their connection to a corporation as an officer or shareholder, cannot legally represent corporations in this court. Corporations may only appear in this federal court and litigate through a licensed attorney who is formally admitted to practice and in good standing with this court." *MuscleDriver USA, LLC, v. Smith*, C/A No. 0:11-1777-MBS-PJG, 2012 WL 1825231, at *1 n.1 (D.S.C. April 17, 2012), *adopted by* 2012 WL 1825235 (D.S.C. May 18, 2012); *see also Renaissance Enter. Inc.*, 515 S.E.2d 257 (S.C. 1999).

370 U.S. 626, 629–33 (1962). It is further recommended that Defendant's motion to dismiss [Doc. 12] be terminated as moot. Plaintiff's attention is directed to the important notice on the next page.

April 7, 2014                                              s/ Kevin F. McDonald
Greenville, South Carolina                        United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).