IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Senn Freight Lines, Inc.,                ) | |
| ) | Civil Action No. 8:14-380-TMC |
| Plaintiff,        ) | |
| ) | |
| vs.                ) | **ORDER** |
| ) | |
| Liberty Mutual Insurance Company,    ) | |
| ) | |
| Defendant.        ) | |
| ) | |

The plaintiff, proceeding pro se, initially filed this action in Newberry County Magistrate's Court. The defendant removed the case to this court and has moved to dismiss the plaintiff's complaint. (ECF No. 12). On February 27, 2014, the court entered an order directing the plaintiff to obtain representation by a licensed attorney within thirty days and advising the plaintiff of the consequences should it fail to do so.[1] The plaintiff has not responded to the order nor has an attorney filed a notice of appearance on its behalf.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action for failure to prosecute and failure to comply with a court order. (ECF No. 15). Although advised of its right to do so, the plaintiff has not objected to the Report.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-

---

[1] "It is well settled that *pro se* litigants, regardless of the nature of their connection to a corporation as an officer or shareholder, cannot legally represent corporations in this court. Corporations may only appear in this federal court and litigate through a licensed attorney who is formally admitted to practice and in good standing with this court." *MuscleDriver USA, LLC v. Smith*, C/A No. 0:11-1777-MBS-PJG, 2012 WL 1825231, at *1 n.1 (D.S.C. April 17, 2012), *adopted by* 2012 WL 1825235 (D.S.C. May 18, 2012).

71 (1976).  In the absence of objections, this court is not required to provide an explanation for adopting the Report.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report and the record in this case, the court finds no clear error and, accordingly, adopts the Report and incorporates it herein.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b), this action is dismissed without prejudice for failure to prosecute and failure to comply with a court order.  *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989); *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).  Further, the defendant's motion to dismiss (ECF No. 12) is **DENIED** as moot.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 5, 2014
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.